Nathan J. Aman (NV Bar No. 8354)
**FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.**
P.O. Box 62
Reno, Nevada  89505
Telephone:      (775) 284-8888
Facsimile:       (775) 284-3838
Email:            naman@renonvlaw.com

Frank J. Wright (TX Bar No. 22028800)
*(pending Verified Petition to Practice per LR 1A 11-2)*
**GARDERE WYNNE SEWELL LLP**
2021 McKinney Avenue, Suite 1600
Dallas, Texas  75201
Telephone:      (214) 999.3000
**Facsimile:       (214) 999.4667**
Email:            fwright@gardere.com

**Counsel for HALL CA-NV, LLC**

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA (RENO)

| | |
|---|---|
| HALL CA-NV, LLC., a Texas limited liability company, | Case No: |
| | Dept. No: |
| Plaintiff, | |
| vs. | |
| LADERA DEVELOPMENT, LLC, a Nevada limited liability company, | |
| Defendant. | |

## **COMPLAINT**

COMES NOW, Plaintiff, HALL CA-NV, LLC, a Texas limited liability company, by and through its attorneys of record, FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P. and GARDERE WYNNE SEWELL, LLP hereby allege as follows:

ATTORNEYS AND
COUNSELORS AT LAW
Office: (775) 348-9999  Fax: (775) 348-0540
P. O. BOX 3677 ~ RENO, NEVADA 89505
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

FAHRENDORF,
VILORIA,
OLIPHANT
& OSTER L.L.P.

## I.

### PARTIES

1.      Plaintiff, HALL CA-NV, LLC ("***Hall***") is a Texas limited liability company existing under the laws of the State of Texas.

2.      Plaintiff is informed and thereon believes that LADERA DEVELOPMENT, LLC, ("***Ladera***") is a Nevada limited liability company and is, and at all times relevant to this action was, a limited liability company existing under the laws of the State of Nevada with its principal place of business in Reno, Nevada.

## II.

### JURISDICTIONAL STATEMENT

3.      The amount in controversy exceeds $75,000.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391.

### III.

### FACTS

A.      **The Senior Hall Loan and Junior Ladera Loan**

6.      New Cal-Neva Lodge, LLC ("***Borrower***") was the owner of that certain real property located in the City of Crystal Bay, Washoe County, Nevada and in Placer County, California (the "***Land***"). The Land and the improvements located on the Land being a resort hotel known as Cal-Neva Lodge (the "***Improvements***") are collectively referred to herein as the "***Property***".

7.      On September 30, 2014, Hall made a loan to Borrower in the amount of $29,000,000.00 (the "***Senior Loan***") pursuant to that certain Construction Loan Agreement (the

ATTORNEYS AND
COUNSELORS AT LAW
Office: (775) 348-9999 Fax: (775) 348-0540
P. O. BOX 3677 ~ RENO, NEVADA 89505
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

FAHRENDORF,
VILORIA,
OLIPHANT
& OSTER L.L.P.

"*Senior Loan Agreement*") between, among others, Hall and Borrower. The Senior Loan is evidenced by a Promissory Note dated September 30, 2014, made by Borrower, payable to the order of Hall in the principal amount of the Senior Loan (the "*Senior Note*"). The Senior Note is secured by, among other documents, (i) that certain Construction Deed of Trust, Security Agreement and Fixture Filing with Assignment of Rents and Leases recorded in the real property records of Placer County, California made by Borrower for the benefit of Hall and encumbering the Property, and (ii) that certain Construction Deed of Trust, Security Agreement and Fixture Filing with Assignment of Rents and Leases recorded in the real property records of Washoe County, Nevada, made by Borrower for the benefit of Hall and encumbering the Property (together, the "*Senior Security Instrument*"). The Senior Loan and the other Senior Debt (as such term is defined below) is guaranteed by those certain Guaranty Agreements, each dated September 30, 2015 (together the "*Senior Guaranty*"), given by William Criswell and Robert Radovan (together, the "*Senior Guarantors*") in favor of Hall. The Senior Loan Agreement, the Senior Note, Senior Security Instrument, the Senior Guaranty, and any other document executed by Borrower, Senior Guarantors or any other party to evidence, govern or secure the Senior Debt, as each of the same may be amended, supplemented, restated, modified, refinanced, replaced, extended or renewed from time to time, are hereinafter collectively referred to as the "*Senior Loan Documents*".

8.     The Senior Loan, together with (i) all additional loans or advances under or in connection with the Senior Loan Documents not to exceed in the aggregate (together with the $29,000,000.00 principal contemplated in the Senior Loan Agreement) the sum of $34,000,000.00 (the "*Senior Loan Limit*"), (ii) all accrued interest, fees, costs and other amounts incurred under or in connection with the Senior Loan Documents, in each case under clause (i) or (ii) hereof, whether created directly or acquired by Hall by assignment or otherwise, whether now existing or hereafter created, arising or acquired, absolute or contingent, joint or several, due or to become due, whether

ATTORNEYS AND
COUNSELORS AT LAW
Office: (775) 348-9999 Fax: (775) 348-0540
P. O. BOX 3677 ~ RENO, NEVADA 89505
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

FAHRENDORF,
VILORIA,
OLIPHANT
& OSTER L.L.P.

incurred before or after the commencement of an Insolvency Proceeding (and whether allowable in an Insolvency Proceeding), including without limitation, default interest, post-petition interest, prepayment fees, exit fees, yield maintenance (or make-whole) premiums, and late charges, are hereinafter defined as the "***Senior Debt***".

9.     Ladera made a loan to Borrower in the principal amount of $6,000,000.00 (the "***Junior Loan***") pursuant to that certain Loan Agreement (the "***Junior Loan Agreement***"), dated September 30, 2014, between Ladera and Borrower. The Junior Loan is evidenced by a Promissory Note dated September 30, 2014, made by Borrower, payable to the order of Ladera in the principal amount of the Junior Loan (the "***Junior Note***"). The Junior Note is secured by (i) that certain second lien Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing recorded in the real property records of Placer County, California made by Borrower for the benefit of Ladera and encumbering the Property, (ii) that certain second lien Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing recorded in the real property records of Washoe County, Nevada, made by Borrower for the benefit of Ladera and encumbering the Property (together, the "***Junior Security Instrument***"), and (iii) a Pledge and Security Agreement of the Ownership Interests executed by Cal Neva Lodge, LLC (the "***Junior Pledge***"). The Junior Loan is not secured in any way by guaranty agreements from the Senior Guarantors. The Junior Loan Agreement, the Junior Note, Junior Security Instrument, the Junior Pledge and any other document executed by Borrower or any guarantor to evidence, govern or secure the Junior Loan, as each of the same may be amended, supplemented, restated, modified, refinanced, replaced, extended or renewed from time to time, are hereinafter collectively referred to as the "***Junior Loan Documents***").

10.     The Junior Loan, together with (i) all additional loans or advances under or in connection with the Junior Loan Documents, (ii) all accrued interest, fees, costs and other amounts incurred under or in connection with the Junior Loan Documents, in each case under clause (i) or

ATTORNEYS AND
COUNSELORS AT LAW
Office: (775) 348-9999 Fax: (775) 348-0540
P. O. BOX 3677 ~ RENO, NEVADA 89505
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

FAHRENDORF,
VILORIA,
OLIPHANT
& OSTER L.L.P.

(ii) hereof, whether created directly or acquired by Ladera by assignment or otherwise, whether now existing or hereafter created, arising or acquired, absolute or contingent, joint or several, due or to become due, whether incurred before or after the commencement of an Insolvency Proceeding (and whether allowable in an Insolvency Proceeding), including without limitation, default interest, post-petition interest, prepayment fees, exit fees, yield maintenance (or make-whole) premiums, and late charges, are hereinafter defined as the "***Junior Debt***".

11.     In connection with the Junior Security Instrument, Ladera obtained a policy of insurance ("Policy") from Old Republic National Title Insurance Company ("Old Republic") insuring the priority of Ladera's liens.

**B.      The Intercreditor and Subordination Agreement**

12.     To induce Hall to make the Senior Loan, Ladera agreed to fully subordinate the Junior Debt and Junior Loan Documents, and the liens and security interests evidenced thereby, to the Senior Loan and the Senior Loan Documents, and the liens and security interests evidenced thereby, pursuant to the terms and conditions of that Intercreditor and Subordination Agreement ("***Indercreditor Agreement***") dated September 30, 2014 between, among others, Hall, Ladera and Borrower.  A true and correct copy of the Intercreditor Agreement is attached hereto as **Exhibit "A"**.

13.     Through the Intercreditor Agreement, Ladera expressly recognizes that Hall's Senior Loan is senior to Ladera's Junior Loan.  Moreover, the Intercreditor Agreement imposes explicit restrictions and obligations on Ladera including, without limitation: (i) prohibiting Ladera from interfering "in any manner" with Hall's security interests in the Property "unless and until all of the Senior Debt is no longer outstanding,"[1] (ii) prohibiting Ladera from contesting "the validity, perfection, priority or enforceability of any of the Senior Debt, any of the Senior Loan Documents,

---

[1] *See* Exhibit A, Intercreditor Agreement at p. 4, ¶ 1(d).

ATTORNEYS AND
COUNSELORS AT LAW
Office: (775) 348-9999 Fax: (775) 348-0540
P. O. BOX 3677 ~ RENO, NEVADA 89505
327 CALIFORNA AVENUE~ RENO, NEVADA 89509

FAHRENDORF,
VILORIA,
OLIPHANT
& OSTER L.L.P.

or any of the liens and security interests of [Hall] in the Property or other collateral securing the Senior Debt,[2] (iii) restricting Ladera from taking any action to collect on its debt until 91 days after Hall's claim is satisfied in full;[3] (iv) prohibiting Ladera from receiving cash or any other property on account of its claim until Hall is paid in full;[4] (v) prohibiting Ladera from taking any action or voting in any way so as to "contest the legality, validity, or enforceability of" the Intercreditor Agreement or any Senior Loan Document,[5] (vi) prohibiting Ladera from proposing a plan that crams Hall's claim down,[6] (vii) requiring Ladera to support a bankruptcy plan that is more beneficial to and approved by Hall,[7] (viii) prohibiting Ladera from opposing any sale of the Borrower's Property that has been consented to by Hall,[8] and (ix) prohibiting Ladera from opposing any post-petition motion supported by Hall.[9]

14.    The Intercreditor Agreement is governed by and must be construed in accordance with Texas law irrespective of any conflict of law principles.[10]

## C.    The Borrower Bankruptcy

15.    On July 28, 2016, Borrower filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California. The case was subsequently transferred to the United States Bankruptcy Court for the District of

---

[2] *Id.* at p. 5, ¶ 2(c).

[3] *Id.* at p. 8, ¶ 12(a).

[4] *Id.* at p. 3, ¶ 1(b) and p. 10, ¶ 13(b).

[5] *Id.* at p. 11, ¶ 13(h)(i).

[6] *Id.* at p. 11, ¶ 13(h)(ii).

[7] *Id.* at p. 10, ¶ 13(d).

[8] *Id.* at p.11, ¶ 13(h)(v)

[9] *Id.* at p. 12, ¶ 13(i)

[10] *Id.* at p. 13-14, ¶ 16.

ATTORNEYS AND
COUNSELORS AT LAW
Office: (775) 348-9999 Fax: (775) 348-0540
P. O. BOX 3677 ~ RENO, NEVADA 89505
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

FAHRENDORF,
VILORIA,
OLIPHANT
& OSTER L.L.P.

1  Nevada, Case No. 16-51282-gwz ("**Bankruptcy Case**").

2  **D.     Ladera' Intercreditor Agreement Breaches**

3          16.    On August 7, 2017, Ladera filed Second Amended Disclosure Statement for Ladera

4  Development, LLC's Second Amended Plan of Liquidation for New Cal-Neva Lodge, LLC Dated

5  July 5, 2017 ("***Disclosure Statement***") [Docket No. 755][11] and Ladera Development, LLC's Second

6  Amended Plan of Liquidation for New Cal-Neva Lodge, LLC Dated July 5, 2017 (the "***Ladera***

7  ***Plan***") [Docket No. 754] in the Bankruptcy.  The Ladera Plan violated Hall's rights and Ladera's

8  obligations under the Intercreditor Agreement.  For example, despite the Intercreditor Agreement's

9  explicit requirements, the Ladera Plan (i) proposed not paying Hall in full, (ii) explicitly stated that it

10 was a cram down plan, and (iii) limited Ladera's liability to Hall under the Intercreditor Agreement.[12]

11 Additionally, Ladera failed to support a different plan that was more beneficial to and approved by

12 Hall in violation of the Ladera's obligation under the Interecreditor Agreement.[13]

13         17.    As a result of Ladera's wrongful act, Hall was required to file a suit in the County of

14 Washoe to enforce its rights. In <u>Hall CA-NV, LLC, V. Ladera Development, LLC</u>, Case No. CV17-

15 01526 in the Second Judicial District Court of the State of Nevada, Hall sought and obtained an

16 injunction from the Nevada state court against Ladera whereupon Ladera withdrew its plan. Hall

17 was damaged by the cost of the legal fees it incurred to obtain the withdrawal of the wrongfully filed

18 plan.

19         18.    Ladera then supported a plan filed by the Committee and Lawrence Investments

20 LLC which Hall opposed. The Bankruptcy Court confirmed the plan over Hall's objection but Hall

21 appealed the ruling to the U.S. District Court and obtained a stay.

---

[11] All Docket Number references refer to the docket of the Bankruptcy Case.

[12] Ladera Plan at Article IV.C.

[13] *See* Exhibit A, Intercreditor Agreement, at p. 10, ¶ 13(d).

ATTORNEYS AND
COUNSELORS AT LAW
Office: (775) 348-9999 Fax: (775) 348-0540
P. O. BOX 3677 ~ RENO, NEVADA 89505
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

FAHRENDORF,
VILORIA,
OLIPHANT
& OSTER L.L.P.

19.     The Bankruptcy Court ordered the parties in Adversary No. 16-05036-gwz ("Lien Litigation") to mediation and all other major constituents in the Bankruptcy Case joined in the mediation. Following the mediation on November 8, 2017, a settlement was reached among all parties except Ladera.

20.     Hall notified Ladera in November 2017 of the settlement that had been reached and requested that Ladera abide by the terms of the Intercreditor Agreement and support the Joint Motion to Approve Compromise and Settlement Agreement and Dismissal Under FRCP 7041 ("Settlement Motion") [Docket No. 1044] and the Joint Emergency Motion for Order Approving Non-Material Modifications to Confirmed Plan and Related Relief ("Motion to Modify Plan") [Docket No. 1036].   Ladera filed "limited responses" to both motions which were in reality objections [Docket Nos. 1067 and 1068]. In fact at the hearing when asked by Judge Zive if they were objections Ladera's counsel said "yes."   Ladera's objections were overruled by the Bankruptcy Court setting the stage for a closing of the sale of the Property under the Plan on December 28, 2017.

21.     Ladera knew that the sale of the Property could close on December 28, 2017 if the purchaser had confirmation that Ladera would not appeal and had time to prepare to close on that date.   Consequently, Hall requested that Ladera advise whether or not it would appeal the rulings. These requests were made both counsel-to-counsel and client-to-client repeatedly in the month of December, 2017. Ladera refused to respond despite repeated requests.   This delayed the sale to January 10, 2018.

22.     Ladera also knew that a delay would be costly to all parties including Hall. As a result of Ladera's refusal to timely notify the parties it would not appeal, the closing was delayed until January 10 thereby causing Hall to incur additional legal fees, additional interest accrual, additional costs to maintain and insure the property and increasing the fee to be paid to the US Trustee's

ATTORNEYS AND
COUNSELORS AT LAW
Office: (775) 348-9999 Fax: (775) 348-0540
P. O. BOX 3677 ~ RENO, NEVADA 89505
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

FAHRENDORF,
VILORIA,
OLIPHANT
& OSTER L.L.P.

Office by almost $220,000. Ladera knew that the U.S. Trustee's fee percentage would increase from $30,000 to $250,000 on January 1, 2018 thereby greatly reducing the amount of sale proceeds payable to Hall. Despite this knowledge Ladera refused to respond until December 28, 2017, five days after Lawrence Investments, LLC, the purchaser, had announced that it was now too late to close a transaction on December 28.

23.     Ladera has advised Hall that it intends to keep any payments it receives from Old Republic on the Policy. On information and belief Hall believes that Ladera is currently seeking payment from Old Republic in connection with the Policy. Any retention by Ladera of monies from the Policy is a violation of the Intercreditor Agreement as it would violate the prohibition against Ladera receiving payment prior to the Senior Debt being paid in full.

### III.

### FIRST CAUSE OF ACTION

### (Breach of Contract – Texas Law)

24.     Hall incorporates by reference Paragraphs 1 – 23 of this Complaint as if set forth fully herein.

25.     To succeed on a breach of contract claim under Texas law, Hall must establish: a) the existence of a valid contract; b) that Hall performed under the contract or tendered performance; c) that Ladera breached the contract; and d) that damages resulted from the breach. *Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 705 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

26.     Hall and Ladera, among others, have a valid, enforceable contract. In particular, Hall and Ladera are bound by the terms of the Intercreditor Agreement. The Intercreditor Agreement is governed by and must be construed in accordance with Texas law irrespective of any conflict of law principles.[14]

---

[14] *Id.* at p. 13-14, ¶ 16.

ATTORNEYS AND
COUNSELORS AT LAW
Office: (775) 348-9999 Fax: (775) 348-0540
P. O. BOX 3677 ~ RENO, NEVADA 89505
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

FAHRENDORF,
VILORIA,
OLIPHANT
& OSTER L.L.P.

27.     Hall substantially performed its obligations under the Intercreditor Agreement by extending credit to Borrower.  To induce Hall to extend the Borrower credit, Ladera agreed to enter into and abide by the terms of the Intercreditor Agreement.[15]

28.     By promoting its Bankruptcy plan, Ladera materially breached the Intercreditor Agreement at ¶¶ 1(d), 2(c),and 13(f), (h)(i) and (h)(ii).  Additionally, by objecting to the Motion to Modify Plan and the Settlement Motion and failing to timely confirm that it would not appeal the rulings on those motions, Ladera further breached the Intercreditor Agreement at ¶ 11(i).

29.     Hall has been required to retain counsel to pursue this claim and is therefore entitled to attorneys' fees and costs pursuant to Intercreditor Agreement, ¶ 18 and Texas Civil Practice & Remedies Code § 38.001, et seq., as determined by the Court.

IV.

**SECOND CAUSE OF ACTION**

**(Declaratory Judgment)**

30.     Hall incorporates by reference Paragraphs 1 – 29 of this Complaint as if set forth fully herein.

31.     Hall seeks a declaration regarding the parties rights and obligations pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code.  Under Texas law, a court has power to declare rights, status, and other legal relations. Tex. Civ. Prac. & Rem. Code § 37.003.  Such power includes a determination of any question of construction relating to contract. Id. § 37.004.  Hall is a person interested in a written contract under Texas Civil Practice and Remedies Code §§ 37.001 and 37.004(a).

32.     Similarly, under Nevada law, the Court has the power to declare rights, status and other legal relations. NRS 30.030.  Such power includes any question of construction arising under a

ATTORNEYS AND
COUNSELORS AT LAW
Office: (775) 348-9999 Fax: (775) 348-0540
P. O. BOX 3677 ~ RENO, NEVADA 89505
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

FAHRENDORF,
VILORIA,
OLIPHANT
& OSTER L.L.P.

---

[15] *See id.,* at p. 2, Recital F.

contract and to construe either before or after there has been a breach of contract.  NRS 30.040-050.

33.     There is a present justiciable controversy regarding Hall's rights and Ladera's obligations under the Intercreditor Agreement.  In particular, the parties dispute whether Ladera is entitled to any monies paid by Old Republic under the Policy until Hall has been paid in full.

34.     Specifically, Hall seeks a declaration that under the terms of the Intercreditor Agreement Ladera is required to pay to Hall any monies it receives from any source including from Old Republic under the Policy until Hall has been paid in full on the Senior Loan.

35.     This is a live controversy because Ladera has already affirmatively notified Hall that it intends to keep any monies received from Old Republic. As a result, the outcome of the above requested declarations will clearly affect the rights of the parties in and under the Intercreditor Agreement.

36.     Hall has been required to retain counsel to pursue this claim and is therefore entitled to attorneys' fees and costs pursuant to Texas Civil Practice & Remedies Code § 37.009 as determined by the Court.

V.

**THIRD CAUSE OF ACTION**

**(Attorney's Fees)**

37.     Hall incorporates by reference Paragraphs 1-36 of this Complaint as if set forth fully herein.

38.     Hall seeks to recover its reasonable and necessary attorneys' fees from Ladera pursuant to the express terms of the Intercreditor Agreement,[16] Tex. Civ. Prac. & Rem. Code § 38.001 et seq., Texas Civil Practice & Remedies Code § 37.009 or other applicable law.  Further,

---

[16] *See* Exhibit A, Intercreditor Agreement at p.14, ¶ 18.

ATTORNEYS AND
COUNSELORS AT LAW
Office: (775) 348-9999 Fax: (775) 348-0540
P. O. BOX 3677 ~ RENO, NEVADA 89505
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

FAHRENDORF,
VILORIA,
OLIPHANT
& OSTER L.L.P.

based on the breaches of contract, it was foreseeable that Hall would be required to retain an attorney to obtain relief due to Ladera's acts.

39.   It was foreseeable that Ladera's conduct would result in Hall seeking attorneys' advice to determine how to obtain redress resulting from of Ladera's actions. Ladera has been aware of the attorneys' fees and costs being incurred by Hall, as Hall's counsel has sent demand letters to and otherwise communicated with Ladera for months.

40.   The attorneys' fees incurred by Hall result from the natural and proximate consequences of Ladera's conduct detailed in the foregoing paragraphs.

WHEREFORE, Hall prays for judgment against Ladera as follows:

1.   For an Order finding that Ladera breached the Intercreditor Agreement and duties owed thereunder to Hall;

2.   For an Order declaring Hall's rights and Ladera's obligations under the Intercreditor Agreement as described above;

3.   For damages in excess of seventy five thousand dollars ($75,000.00) in favor of Hall against Ladera; and

4.   For attorneys' fees and costs incurred herein; and

5.   For such other relief as the Court finds just, equitable and proper.

///

///

///

FAHRENDORF,
VILORIA,
OLIPHANT
& OSTER L.L.P.

ATTORNEYS AND
COUNSELORS AT LAW
Office: (775) 348-9999 Fax: (775) 348-0540
P. O. BOX 3677 ~ RENO, NEVADA  89505
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

**AFFIRMATION**

Pursuant to NRS 239B.030, the undersigned does hereby affirm that the preceding document does not contain the social security number of any person.

**DATED** this 21st day of March, 2018.

FAHRENDORF, VILORIA,
OLIPHANT & OSTER L.L.P.

By: _____
　　Nathan J. Aman, Esq.
　　Nevada Bar No. 8354
　　P.O. Box 3677
　　Reno, Nevada  89505
　　(775) 284-8888
　　(775) 284-3838 - fax
　　Email: naman@renonvlaw.com

　　　　and

Frank J. Wright (TX Bar No. 22028800)
*(pending Verified Petition to Practice per LR 1A 11-2)*
GARDERE WYNNE SEWELL LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas  75201
(214) 999.3000
(214) 999.4667 - fax
Email: fwright@gardere.com

**Counsel for HALL CA-NV, LLC**