**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HALL CA-NV, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) 3:18-cv-00124-RCJ-VPC |
| LADERA DEVELOPMENT LLC, | ) **ORDER** |
| Defendant. | ) |

This case arises out of an alleged breach of contract. In summary, Plaintiff and Defendant hold loan instruments against New Cal-Neva Lodge, LLC ("Debtor"), which owns (or owned) a casino resort of a similar name on the northern shore of Lake Tahoe. Plaintiff alleges that Defendant induced Plaintiff to give the senior loan in part by signing an agreement under which Defendant promised to do nothing to interfere with Plaintiff's senior status upon any default. Plaintiff alleges Defendant took certain actions related to Debtor's bankruptcy that violated Defendant's obligation not to interfere with Plaintiff's ability to enforce the senior instruments. Defendant has moved to dismiss for lack of complete diversity.

In the Complaint, Plaintiff Hall CA-NV, LLC alleged it is a Texas limited liability company and that Defendant Ladera Development, LLC is a Nevada limited liability company. But Plaintiff did not allege the identities or citizenships of the members of either entity. That omission is fatal to an assertion of jurisdiction under 28 U.S.C. § 1332, because the citizenship of

a limited liability company is not controlled by its place of incorporation or principal place of business, but rather by the citizenship(s) of its member(s). *Johnson v. Colombia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant wrote Plaintiff to point this out, and Plaintiff responded with the First Amended Complaint, in which it alleges that its members are: Hall Phoenix/Inwood, Ltd. (a Texas limited partnership) ("the Partnership"), Triquest Financial Services Corp. Defined Pension Plan (a Delaware corporation with its principal executive offices in New York) ("the Plan"), DLB-DAB Family Trust (a Texas trust), and Michael J. Jaynes (a Texas resident). Plaintiff alleges Defendants' members are Garth J. Pickett (a U.S. Virgin Islands resident) and James Pickett (a Nevada resident).[1]

Defendant wrote Plaintiff to note that the citizenships of the members of the Partnership and the DLB-DAB Family Trust needed to be further alleged, but Plaintiff refused to make further allegations. When a member or partner is itself an unincorporated entity, the citizenships of that entity's members or partners must also be alleged, etc. *E.g.*, *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996). The citizenships of each member of any unincorporated entity are what matters in diversity. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016). The same rule applies to trusts when a trust appears in its own name, *id.*, as opposed to when it appears in a trustee's name, *id.* at 1016–17 (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465 (1980)). Accordingly, Plaintiff must allege the partners of the Partnership, the beneficiaries of the Plan, and perhaps the beneficiaries of the DLB-DAB Family Trust. Although Triquest Financial, Inc. appears to be a Delaware corporation, the Plan itself

---

1 Territories are "States" for the purposes of the diversity statute, 28 U.S.C. § 1332(e), and because at least one member of Defendant is a Nevada citizen and at least one member of Plaintiff is a Texas citizen, the constitutional minimal diversity requirement is satisfied, *see* U.S. Const. art. III, § 2, cl. 1.

appears to be a New York pension plan managed by Triquest Financial, Inc. The Plan itself is presumably an ERISA plan, *see infra.*

Counsel for Plaintiff notes in response that when discussing the level of detail necessary to establish complete diversity, he asked counsel for Defendant, "[W]hen does it end?" Once challenged, it ends when the party seeking to invoke the Court's diversity jurisdiction has shown by a preponderance of the evidence that no Plaintiff shares citizenship with any Defendant. Although sorting out the facts may be tedious in some cases, the rule itself is not complex. If a party is an unincorporated association, the citizenship of that party consists of the citizenships of each of its members. If any of those members is in turn an unincorporated association, the citizenship of the party consists additionally of the citizenships of all members of its member unincorporated association, etc. Plaintiff has lodged a proposed Second Amended Complaint ("PSAC"), with a motion requesting leave to file it. In reply, Defendant argues the allegations in the PSAC do not show complete diversity.

In the PSAC, Plaintiff alleges it is a Texas limited liability company with members: (1) the Partnership (a Texas limited partnership); (2) the Plan; (3) the DLB-DAB Family Trust (a Texas trust); and Michael J. Jaynes (a Texas resident). (Prop. Second Am. Compl. ¶ 1, ECF No. 13-2).

The partners of the Partnership are: (1.a) Phoenix/Inwood Corp. (a Texas corporation); (1.b) Hall Structured Finance, Inc. (a Texas corporation); (1.c) the Craig Hall 2011 Grandchildren's Trust (a Texas trust with California resident Kristina Hall as trustee); (1.d) the Craig Hall Living Trust (a Texas trust with Texas residents Craig and Kathryn Hall as trustees); (1.e) the Kathryn Hall Living Trust (a Texas trust with Texas residents Craig and Kathryn Hall as trustees); (1.f) Wisconsin resident Brijetta Waller; (1.g) California resident Kristina Hall; (1.h) Texas resident David Cain II; (1.i) California resident Jennifer Brown; (1.j) the Craig and

Kathryn Hall Charitable Lead Annuity Trust fbo Courtney Bradford (a Texas trust with Texas residents Craig and Kathryn Hall as trustees); (1.k) the Craig and Kathryn Hall Charitable Lead Annuity Trust fbo Caitlyn Bradford (a Texas trust with Texas residents Craig and Kathryn Hall as trustees); (1.l) Hidden Bend Townhome Associate, Ltd. (a Texas limited partnership); and (1.m) Lakehill Townhome Associates, Ltd. (a Texas limited partnership). (*Id.* ¶ 2).

The partners of (1.l) Hidden Bend Townhome Associate, Ltd. are: (1.l.i) L/H GP, Inc. (a Texas corporation); (1.1.ii) the Hall Family Irrevocable Trust (a Texas trust with trustee Brijetta Waller); (1.l.iii) the Hall Irrevocable Trust II (a Texas trust with trustee Brijetta Waller); (1.l.iv) the Hall Irrevocable Trust III (a Texas trust with trustee Kristina Hall); and several other entities already mentioned, *supra*. (*Id.* ¶ 3). The partners of Lakehill Townhome Associates, Ltd. include no additional entities except trustee Ellis Waller, a Wisconsin resident. (*Id.* ¶ 4).

The trustees of (2) the Plan are Richard and Bette Hyman (New York residents), and the trustees of (3) the DLB-DAB Family Trust are Donald and Deborah Braun (Texas residents). (*Id.* ¶ 1).

The PSAC does not affirmatively indicate any Nevada entities on Plaintiff's side. Although the Court is willing to presume that the Texas corporations listed have their principal places of businesses in Texas and that the family trusts listed are "traditional" trusts consisting purely of non-juridical fiduciary relationships that cannot sue and be sued in their own names—Defendant may file another motion if it later discovers this not to be the case—several citizenships that presumably matter are not alleged. Specifically, as to the Plan, it is the citizenships of the Plan's beneficiaries that matters, not the citizenships of the trustees. *Americold Realty Tr.*, 136 S. Ct. at 1016 ("[W]hen a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes. For a traditional trust, therefore, there is no need to determine its membership, as would be true if the trust, as an entity, were

sued." (citation omitted)); *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 722 (2nd Cir. 2017) (holding that under *Americold Realty* only the citizenship of a trustee matters for a traditional trust that cannot sue and be sued in its own name, because only the trustee can be a party); *RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 691–92 (7th Cir. 2016) (citing *id.*) (holding that when a trust capable of suing and being sued in its own name is present in the capacity of a member of an unincorporated association, the citizenships of its members matters under *Americold Realty*) ("Both retirement funds are organized as trusts under Michigan law but can sue and be sued in their own names. . . . The trusts themselves, not the trustees, are the members of the two LLCs. Detroit's two pension funds contract (and litigate) in their own names. These trusts therefore have the citizenships of their own members." (citations omitted)). The Plan is a juridical entity[2] and is present in the lawsuit as an entity in its own name, i.e., as a member of the Plaintiff limited liability company. *RTP LLC* is persuasive and is directly on point. The beneficiaries of the Plan must be alleged.

In summary, the Court is not satisfied by a preponderance of the evidence that no Plaintiff entity is a citizen of Nevada. Although the Court is satisfied that no identified corporations, natural persons, or trustees of the traditional trusts at issue here are Nevada citizens, it is not yet clear whether the Plan includes any Nevada citizens, which is a distinct possibility.

///

///

///

---

2 The Triquest Financial Services Corp. Defined Pension Plan is presumably an ERISA "employee benefit plan" that may sue and be sued in its own name. *See* 29 U.S.C. §§ 1002(2)–(3), 1132(d)(1).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 8) is GRANTED, with leave to amend. Within twenty-one (21) days, Plaintiff may file a second amended complaint consisting of the proposed second amended complaint (ECF No. 13-2) but additionally listing the members of the Triquest Financial Services Corp. Defined Pension Plan and their states of residence. Failure to timely amend may result in dismissal with prejudice without further notice.

IT IS FURTHER ORDERED that the Motion to Amend (ECF No. 13) is DENIED as moot.

IT IS SO ORDERED.

Dated this 19th day of June, 2018.

_____
ROBERT C. JONES
United States District Judge