# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HALL CA-NV, LLC, | |
| Plaintiff, | |
| vs. | 3:18-cv-00124-RCJ-VPC |
| LADERA DEVELOPMENT LLC, | **ORDER** |
| Defendant. | |

This case arises out of an alleged breach of contract. Pending before the Court is a motion to dismiss the Counterclaim.

**I.    FACTS AND PRCEDURAL HISTORY**

On September 30, 2014, Plaintiff Hall CA-NV, LLC and Defendant Ladera Development, LLC made $29,000,000 and $6,000,000 loans (respectively, "the Senior Loan" and "the Junior Loan") to Debtor New Cal-Neva Lodge, LLC. (Third Am. Compl. ¶¶ 9–11, ECF No. 23). In connection with the Junior Loan, Defendant obtained a policy of insurance ("the Policy") from Old Republic National Title Insurance Co. ("Old Republic") insuring the priority of Defendant's lien. (*Id.* 14). To induce Plaintiff to make the Senior Loan, Defendant agreed to subordinate the Junior Loan via separate agreement ("the Intercreditor Agreement"). (*Id.* ¶ 15). The Intercreditor Agreement subordinated the Junior Loan to the Senior Loan and contained additional promises by Defendant, e.g., that it would not contest any aspect of the Senior Loan or

its priority or take any action to interfere with the enforceability of the Senior Loan, including actions in potential bankruptcy proceedings. (*Id.* ¶ 16).

On July 28, 2016, Debtor filed for Chapter 11 bankruptcy in California, and the case, No. 16-bk-51282-GWZ ("the Bankruptcy Case"), was later transferred to this District. (*Id.* ¶ 18). On August 7, 2017, Defendant filed its Second Amended Plan of Liquidation ("the Ladera Plan") in the Bankruptcy Case, which violated the Intercreditor Agreement, e.g., by proposing that Plaintiff not be paid in full and limiting Defendant's liability to Plaintiff under the Intercreditor Agreement. (*Id.* ¶ 19). Accordingly, Plaintiff sued Defendant in state court, and although Plaintiff won an injunction forcing Defendant to withdraw the Ladera Plan in the Bankruptcy Case, it incurred damages from Defendant's breach of the Intercreditor Agreement in the form of fees and costs expended in the state court case. (*Id.* ¶ 20). Undeterred, Defendant then supported a third party's plan in the Bankruptcy Case that the Bankruptcy Court confirmed over Plaintiff's objection. (*Id.* ¶ 21).

In the meantime, the Penta Building Group, LLC ("Penta") had sued Debtor and all of its lenders, known and unknown, in state court to foreclose its mechanic's lien against the Property ("the Penta Action"). Plaintiff removed the Penta Action to the Bankruptcy Court as an adversary proceeding, No. 16-ap-5036-GWZ, under 28 U.S.C. § 1334(b) "related to" jurisdiction, asserting that the action was non-core and reserving its right to final determination by an Article III judge. All parties in the Penta Action settled except Defendant. (*Id.* ¶ 22). The Bankruptcy Court overruled Defendant's objections to the settlement made in the Bankruptcy Case. (*Id.* ¶ 23). Under the settlement, the Property sold on January 10, 2018, but Defendant's refusal to confirm its intentions as to a possible appeal delayed the sale thirteen days and cost Plaintiff additional fees, costs, and interest. (*Id.* ¶¶ 24–25).

Finally, Defendant has informed Plaintiff that Defendant intends to keep any payments it receives from Old Republic under the Policy, which Plaintiff alleges would also violate the Intercreditor Agreement because it would result in Defendant receiving payment prior to Plaintiff being paid in full. (*Id.* 26).

In the TAC, Plaintiff has sued Defendant for breach of the Intercreditor Agreement due to Defendant's promotion of the Ladera Plan and its objections to the settlement in the Bankruptcy Case, as well as for failing to timely disclaim any intent to appeal the rulings in the Bankruptcy Case. Plaintiff also seeks a declaration that it would violate the Intercreditor Agreement for Defendant to keep any proceeds of the Policy from Old Republic before the Senior Loan has been paid in full.

Defendant has filed a Counterclaim, listing claims for intentional and negligent misrepresentation and seeking a declaration that the Intercreditor Agreement is void or voidable. Defendant essentially alleges that Plaintiff intentionally or negligently concealed from Defendant that fact that Penta had begun construction on Debtor's Property prior to the Senior Loan and the Junior Loan being given on September 30, 2014, which Plaintiff knew or should have known would give Penta a senior lien (once perfected) under Nevada law. Defendant argues it would not have agreed to the Intercreditor Agreement had it known, as Plaintiff did when representing to Defendant that no work had begun on the Property at the time of the loans, that Defendant's interest in the Property would be in third position behind both Penta's and Plaintiff's interests. Plaintiff has moved to dismiss the Counterclaim.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

(1957).  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency, *see N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983), and dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A court treats factual allegations as true and construes them in the light most favorable to the plaintiff, *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986), but does not accept as true "legal conclusions . . . cast in the form of factual allegations." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).  A plaintiff must plead facts pertaining to his case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  That is, a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Also, under Federal Rule

of Evidence 201, a court may take judicial notice of "matters of public record" if not "subject to reasonable dispute." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

Furthermore, the circumstances of fraud or mistake (but not states of mind such as knowledge or intent) must be stated with particularity. Fed. R. Civ. P. 9(b). A Plaintiff must plead facts such as "he bought a house from defendant, that the defendant assured him that it was in perfect shape, and that in fact the house turned out to be built on a landfill . . . ." *Warshaw v. Xoma Corp.*, 74 F.3d 955, 960 (9th Cir. 1996) (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1995) (en banc)).

### III.   ANALYSIS

The elements of intentional misrepresentation (fraud) in Nevada are: (1) a false representation by the defendant; (2) the defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); (3) the defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) the plaintiff's justifiable reliance upon the misrepresentation; and (5) resulting damage. *Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992) (citing *Lubbe v. Barba*, 540 P.2d 115, 117 (Nev. 1975)). The elements of negligent misrepresentation in Nevada are: (1) a false representation by the defendant; (2) made in the course of the defendant's business or in any action in which he has a pecuniary interest; (3) for the guidance of others in their business transactions; (4) the plaintiff's justifiable reliance upon the misrepresentation; (5) resulting damage; and (6) failure to exercise reasonable care or competence in obtaining or communicating the information. *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, 460 F. Supp. 2d 1246, 1262 (D. Nev. 2006).

### A. Failure to Allege a False Statement

Plaintiff argues that Defendant has not alleged falsity because it has only alleged that Plaintiff knew Penta had performed work prior to the loans being given, not that Penta actually had a perfected lien at the time Defendant represented it was the first lienholder. The Court rejects this argument. Defendant has alleged that Plaintiff twice represented explicitly to Defendant in writing that no construction work of any kind had been begun prior to the loans when it presented to Defendant copies of two agreements between Plaintiff and Debtor so stating: (1) the Senior Loan agreement; and (2) a separate agreement ("the Contractor's Agreement"). (Countercl. ¶¶ 17–20).[1] That was a materially false statement (if it was false), because under Nevada law, the loans would be junior to a mechanic's lien based on Penta having begun work prior to the loans, and the Intercreditor Agreement could not have overridden the statutory rule. *See* Nev. Rev. Stat. §§ 108.225, 108.2453. Had the only misrepresentation been to the effect that no mechanic's lien had yet been perfected related to work begun before the loans, the analysis might be different. Such a statement might have been technically true and may or may not have been misleading as to whether work had begun, depending on the circumstances of the statement. But Defendant has alleged a false statement as to work having begun, which is the core material issue. A mechanic's lien attaches (obtains priority) as of the beginning of work, regardless of when the lien is ultimately perfected. Unless circumstances exist preventing the perfection of any mechanic's liens in the future, it is critical for a lender to know whether any still-perfectible mechanic's liens have attached, i.e., whether any work has begun on any still-perfectible mechanic's liens. A false statement as to work having begun is therefore material.

---

1 Defendant also alleges that it relied on the implications of a third agreement presented to Defendant by Plaintiff, a subordination agreement between Plaintiff and Penta ("the Penta Subordination Agreement") purporting (illegally) to subordinate any mechanic's liens to the Senior Loan. (*Id.* ¶¶ 20–22).

### B. Failure to Plead with Particularity and Reliance

Defendant has particularly stated the circumstances of the false representation. The exact alleged misrepresentations and how they were made have been specified in the Counterclaim. (*Id.* ¶¶ 17, 18, 21). Defendant has stated when and to whom the statements were made, alleging in relevant part, "Along with the [Senior Loan Agreement] and Contractor's Agreement, [Plaintiff] entered into and provided [Defendant] access to review the Penta Subordination Agreement [Plaintiff] executed with Penta." (*Id.* ¶ 20). This implies the documents were provided to Defendant before Defendant signed the Intercreditor Agreement.

### C. Failure to Allege Reliance

Defendant has sufficiently alleged justifiable reliance. It has alleged that it would not have made a $6,000,000 loan junior to Plaintiff's $29,000,000 loan had it not been falsely assured of facts indicating that there could not be any mechanic's liens against the property senior to both loans, i.e., that no mechanic's work had been performed on the property, when in fact there had been such work.

### D. The Declaratory Judgment Claim

Plaintiff also argues that Defendant's claim for a declaration that the Intercreditor Agreement is void or voidable is duplicative of Defendant's claim for breach of contract. But Defendant has brought no breach of contract claim, only claims for misrepresentation and declaratory relief. A party's claim for a declaration can in some cases be duplicative of that same party's claim for breach of contract, *see, e.g.*, *Crown Beverages, Inc. v. Sierra Nevada Brewing Co.*, No. 3:16-cv-695, 2017 WL 1508486, at *5 (D. Nev. Apr. 26, 2017) (Du, J.), but that is not the case here. Only Plaintiff has brought a breach of contract claim, not Defendant. Even assuming Defendant's declaratory relief claim concerns the same issue(s) as Plaintiff's breach of contract claim, counterparties can, and very often do, bring parallel claims against one

another in the same action, each seeking an opposite ruling on the same issue(s).  The Court has seen this repeatedly in Chapter 116 foreclosure cases, for instance, where holders of deeds of trust and foreclosure deeds sue and countersue one another for parallel declarations that the Chapter 116 foreclosure did nor did not extinguish the deed of trust.  It is also typical in patent infringement cases for defendants to plead counterclaims for declarations of non-infringement (or for a patent holder to plead a counterclaim for infringement where a putative infringer has begun the action by suing for a declaration of non-infringement).  Parallel claims by and against counterparties are not duplicative even when they seek a determination of the same issue, because counterparties to parallel claims have opposite pleading and evidentiary burdens in the contexts of dismissal, summary judgment, and trial.  Nor is Defendant's counterclaim for a declaration duplicative of its misrepresentation claims.  Defendant could obtain a declaration as to the voidability of the Intercreditor Agreement without succeeding on its misrepresentation claims, because the latter claims require additional proof of reliance and damages.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 29) is DENIED.

IT IS SO ORDERED.

Dated this 27th day of August, 2018.

_____
ROBERT C. JONES
United States District Judge