UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HALL CA-NV, LLC, a Texas Limited Liability Company<br><br>          Plaintiff,<br><br>v.<br><br>LADERA DEVELOPMENT, LLC, a Nevada Limited Liability Company, et al.<br><br>          Defendant. | Case No. 3:18-CV-00124-RCJ-CSD<br><br>**ORDER** |

The Court heard oral argument on Hall CA-NV, LLC's ("Hall") Motion in Limine to exclude any evidence, arguments, or assertions of fact that run counter to the Court's Order finding that Ladera Development, LLC's ("Ladera") breached the Intercreditor Agreement. (ECF No. 186). For the reasons discussed below, the Court grants Hall's Motion in Limine. (*Id.*)

**FACTUAL BACKGROUND**

This dispute arises from many previous disputes that the parties engaged in over a loan that Hall and Ladera made for a renovation of the Cal-Neva Lodge. The Borrower hired Penta Building Group ("Penta") to do the Cal-Neva renovation. (ECF No. 157 at 3-4). Hall and Ladera both agreed

to loan money to the Borrower for the renovation. (*Id*.) Hall loaned the money first and Ladera came in later to provide additional funding. (*Id*.) For that reason, the parties signed an Intercreditor Agreement that made Hall's loan senior to Ladera's. (*Id*. at 2-3)

The Borrower ran into financial difficulties and ultimately filed for Chapter 11 Bankruptcy. (*Id*. at 8-9). The Borrower, Hall, and various other subcontractors agreed to split up a pot of $15,000,000 and moved for the bankruptcy court's approval of the settlement. (*Id*. at 9). In the Motion for Settlement, Plaintiff Hall represented that it would "exercise its rights under the Intercreditor Agreement with Ladera to insure Ladera's non-objection to the motion to approve this Agreement and the Motion to Dismiss, including but not limited to taking any action to enforce the Intercreditor Agreement, in the event Ladera breaches the terms of the Intercreditor Agreement." (*Id*. at 10.) Defendant Ladera did not contest the validity and enforceability of the Intercreditor Agreement, at this time or at all during the bankruptcy proceedings. (*Id*.) The bankruptcy court approved the proposed settlement. (*Id*.)

Hall brought this action alleging that Ladera breached the Intercreditor Agreement. (ECF No. 1). Hall moved for Summary Judgement on the issue of whether Ladera breached the Intercreditor Agreement. (ECF No. 139). This Court ruled that Ladera breached the Intercreditor Agreement. (ECF No. 157). Ladera moved for reconsideration of that Order and the Court denied that Motion. (ECF Nos. 159, 171). In Ladera's pretrial filings, Ladera continues to argue that it did not breach the Intercreditor Agreement. (ECF No. 211). Before the Court is Hall's Motion in Limine to exclude any evidence, arguments, or assertions of fact that run counter to the Order finding that Ladera breached the Intercreditor Agreement. (ECF No. 186).

## LEGAL STANDARD

A motion in limine is a procedural device used to obtain an early and preliminary ruling on the admissibility of evidence. "Typically, a party makes this motion when it believes that mere

mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." Black's Law Dictionary 1171 (10th ed. 2014). The trial judge's authority to manage trial allows it to hear and decide motions in limine to "prevent inadmissible evidence from being suggested to the jury by any means." *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)). "Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Id*.

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *E.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech, Inc*., 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

**ANALYSIS**

The Court already ruled on the issue of whether Ladera breached the Intercreditor Agreement. (ECF No. 157). Ladera's attempts to relitigate that issue under a motion for reconsideration were unsuccessful. If Ladera wanted to further that litigate that issue it should take it up with the Circuit Court. The Court will not hear any evidence, arguments, or assertions of fact that run counter to the Court's ruling that Ladera breached the Intercreditor Agreement.

However, as discussed at the hearing on this Motion in Limine, Hall needs to show causation to receive damages in the upcoming trial. Ladera can use evidence to refute any attempts that Hall may make to show causation. The Court recognizes that some of that evidence may include evidence that is related to whether Ladera breached the Intercreditor Agreement. For that reason, Ladera can introduce and use that evidence in the upcoming trial, but only for the purpose of showing that causation does not exist.[1]

**CONCLUSION**

IT IS HEREBY ORDERED that Hall's Motion in Limine is GRANTED. (ECF No. 186).

IT IS SO ORDERED.

Dated this 17th day of May 2023.

_____
ROBERT C. JONES
United States District Judge

---

[1] It is important to note that Ladera's repeated attempts to relitigate the issue of breaching the Intercreditor Agreement have put the Court on notice for any additional attempts to relitigate the issue. Ladera should take note and ensure it does not try to litigate the issue.