UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HALL CA-NV, LLC, a Texas Limited Liability Company<br><br>              Plaintiff,<br><br>v.<br><br>LADERA DEVELOPMENT, LLC, a Nevada Limited Liability Company, et al.<br><br>              Defendant. | Case No. 3:18-CV-00124-RCJ-CSD<br><br>**ORDER** |

The Court heard oral argument on Ladera Development, LLC's ("Ladera") Motion in Limine to Exclude Hall CA-NV, LLC's ("Hall") Evidence of Bankruptcy-Related Fees on May 15, 2023. (ECF No. 192). For the reasons discussed below, the Court grants Ladera's Motion in Limine. (*Id.*)

**FINDINGS**

1.       Hall was the Senior Lender who agreed to loan up to $29,000,000 to New Cal-Neva Lodge, LLC (the "Borrower") for the renovation of the resort-hotel known as the Cal-Neva Lodge on the border of Nevada and California. Hall disbursed less than $20 million.

2. Ladera was the Junior Lender and loaned Borrower $6,000,000.

3. Hall and Ladera entered into an Intercreditor Agreement agreeing to subordinate Ladera's Junior Loan to Hall's Senior Loan.

4. In early 2016, Borrower fell behind on its financial obligations, and Hall declared default. Borrower filed for Chapter 11 Bankruptcy on July 28, 2016.

5. In the bankruptcy proceedings, Ladera filed a Plan of Reorganization and Disclosure Statement both dated March 21, 2017. (ECF Nos. 490 & 491).

6. On August 7, 2017, Ladera filed a Second Amendment Plan of Liquidation for New Cal-Neva Lodge, LLC Dated July 5, 2017, and accompanying Disclosure Statement. (ECF Nos. 754 and 755).

7. Hall unilaterally filed a separate state court action against Ladera on Monday, August 14, 2017. Hall filed an ex parte application for a temporary restraining order (TRO) and motion for preliminary injunction, asking the Washoe County state court to prohibit Ladera from presenting its plan to the bankruptcy court.

8. Before Ladera had a chance to respond, the state court granted Hall a TRO on August 16, 2017, ordering Ladera to withdraw its Second Amended Plan and Disclosure Statement and prohibiting Ladera "from supporting and voting for any Bankruptcy plan other than a Bankruptcy plan that Hall approves and deems to be more beneficial to Hall." (ECF No. 193-94).

9. Ladera withdrew its plan on August 16, 2017. (ECF No. 193-12 at 9.)

10. On August 22, 2017, Ladera filed a Notice of Removal, removing the state court action to the pending bankruptcy matter as a related adversary case. (ECF No. 193-94).

11. As part of the bankruptcy settlement reached by Hall and other parties, Hall received $26,885,000 plus reimbursement for certain funds it expended in the Bankruptcy Case.

12. Shortly after the bankruptcy settlement in December 2017 and related sale in January 2018, Hall sued Ladera in the instant case on March 21, 2018.

13. Among other categories of damages, Hall seeks as damages the attorneys' fees

and expenses it incurred in the bankruptcy matter.

14. Hall is not entitled to the attorneys' fees and expenses it incurred in the bankruptcy matter as damages against Ladera.

15. Hall has not shown that any of the attorneys' fees it incurred in the bankruptcy matter were directly caused by a breach of the Intercreditor Agreement by Ladera.

16. This Court finds that the fees Hall incurred during the bankruptcy suit were not related to the breach of the Intercreditor Agreement.

## CONCLUSION

IT IS HEREBY ORDERED that Ladera's Motion in Limine to Exclude Evidence of Bankruptcy-Related Fees is **GRANTED**. (ECF No. 192).

IT IS SO ORDERED.

Dated this 17th day of May 2023.

_____
ROBERT C. JONES
United States District Judge